UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ERIN PUMA and TERESA SRMACK-BRINKMAN, | ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | 1:08-cv-1451-LJM-DML |
| RICHARD HALL, ROBERT GREGORY, ACE HOLDING COMPANY, LLC, ACE MORTGAGE FUNDING f/k/a ACE MORTGAGE FUNDING, INC., ARCHER TITLE, LLC, ACE IMAGING, LLC, MILLENIUM FUNDING GROUP, ROARK CAPITAL GROUP, and PLATINUM HOLDINGS, LLC, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## **ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT**

This matter comes before the Court on Plaintiffs', Erin Puma ("Puma") and Teresa Srmack-Brinkman ("Brinkman") (collectively, the "Plaintiffs"), Motion for Leave to Amend Complaint (Dkt. No. 84). Defendant, Roark Capital Group ("Roark"), responded in opposition to Plaintiffs' Motion for Leave to Amend Complaint (Dkt. No. 85). No other defendant responded to Plaintiffs' Motion.

This Court previously dismissed Plaintiffs' Complaint against Roark and defendant Platinum Holdings, LLC ("Platinum"), with respect to Count I, Plaintiffs' claim under the Indiana Wage Payment Statute, and Count III, Plaintiffs' claim under the Fair Labor Standards Act ("FLSA"). *See* Order on Defs.' Mots. for J. on the Pleadings (Dkt. No. 79). In addition, the Court dismissed Count II of Plaintiffs' Complaint, alleging civil conversion,

as to all defendants and Count IV of Plaintiffs' Complaint, alleging a breach of contract, as to Platinum.  *Id.*  Further, the Court dismissed Count V of Plaintiffs' Complaint, a claim for punitive damages, as to all defendants except Roark.  *Id.*

This Court ordered Plaintiffs to show cause on or before December 30, 2009, why defendants', Rich Hall ("Hall") and Robert Gregory ("Gregory"), Motions for Judgment on the Pleadings should not be granted with regard to Count I.  *Id.*  As of the date of this Order, Plaintiffs have not responded to the Court's Order to show cause.  Accordingly, the Court **DISMISSES** Count I of Plaintiffs' Complaint against Hall and Gregory.

## I. **BACKGROUND**

Plaintiffs' initial allegations are set forth in the Court's Order on Defendants' Motion for Judgment on the Pleadings (Dkt. No. 79).  For purposes of this Order, the Court adopts those allegations and notes only those additional allegations that Plaintiffs seek to add in amending their Complaint.  In addition, the Court accepts as true the well-pleaded factual allegations from the Proposed Amended Complaint.  *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 616 (7th Cir. 2007).

Roark acquired Ace Holding Company ("Ace") and, upon acquisition, was aware of the methods by which Hall and Gregory ran Ace, including the method by which they "diverted revenue that should have been paid to Plaintiffs."  Proposed Am. Compl. ¶¶ 15-16. After the acquisition, Hall and Gregory remained in charge of Ace's day-to-day operations and, along with Roark and Platinum, siphoned revenues that should have been allocated to Plaintiffs from Plaintiffs' branch in Arizona.  *Id*. ¶¶ 16-17.  Plaintiffs also lost revenue from paying costs of the Millenium Funding Group, after Hall and Gregory told Plaintiffs that

paying these costs would increase their revenue. *Id.* ¶ 21. Plaintiffs continued paying these costs subsequent to Roark's acquisition of Ace and were also charged for "Roark Management Fees," even though "Roark Management was not really providing services." *Id.* ¶ 22.

Hall, Gregory, and later Roark "controlled nearly every aspect of Plaintiffs' day-to-day work," but only Hall and Gregory hired, promoted, and demoted Plaintiffs. *Id.* ¶¶ 23, 26. Hall and Gregory instructed Plaintiffs on training techniques, Plaintiffs' budget, companies with which Plaintiffs could contract, and a variety of other aspects of Plaintiffs' employment. *Id.* ¶ 23. During Plaintiffs' employment, Hall, Gregory, and Roark required the Plaintiffs' to attend a conference. *Id.* ¶ 24. Hall and Gregory informed Plaintiffs that they had discussed business issues with Roark and that Roark ordered Plaintiffs' branch to comply with Roark's directives. *Id.* ¶ 25.

## II. **STANDARD**

A plaintiff should be granted leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, leave to amend is "inappropriate when there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment." *Feldman v. Am. Mann. Life Ins. Co.*, 196 F.3d 783, 793 (7th Cir. 1999). "The opportunity to amend a complaint is futile if the complaint, as amended, would fail to state a claim upon which relief could be granted." *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997) (internal quotations omitted).

Accordingly, the appropriate standard to determine if Plaintiffs' Proposed Amended Complaint is futile mirrors that of Rule 12(b)(6). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but a plaintiff's complaint may not merely state "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. ----, 129 S. Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S. at 557). Rather, to survive a motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations asserted "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### III. DISCUSSION

In Count I of their Proposed Amended Complaint, the Plaintiffs assert a claim for unpaid wages under the Indiana Wage Payment Statute. Roark again argues that Plaintiffs' failed to plead facts from which the Court can reasonably infer that Roark was the Plaintiffs' "employer" within the meaning of the Indiana's Wage Payment Statute. *See generally* Resp. Under the Indiana Wage Payment Statute, the Plaintiffs must plead facts that allow the Court

to draw the reasonable inference that Roark had the right to control a variety of aspects relating to the Plaintiffs' jobs and that Roark denied the Plaintiffs the right to receive their wages in a timely fashion. *Black v. Employee Solutions, Inc.*, 725 N.E.2d 138, 143 (Ind. Ct. App. 2000). The "right to control" is determined by considering the following factors: 1) the right to discharge, 2) mode of payment, 3) supplying tools or equipment, 4) belief by the parties in the existence of an employer-employee relationship, 5) control over the means used in the results reached, 6) length of employment, and 7) establishment of the work boundaries. *Id.*

In their Proposed Amended Complaint, Plaintiffs allege that Roark acquired Ace and, upon acquisition, Roark was "fully aware of the conduct of Hall and Gregory" and "placed Hall and Gregory in day-to-day control of operations." Proposed Am. Compl ¶ 16. Plaintiffs further allege that Hall, Gregory, and Roark required Plaintiffs to attend a conference; that each had the authority to demote and terminate Plaintiffs, but that Hall and Gregory actually demoted the Plaintiffs; that Hall and Gregory informed the Plaintiffs that Roark issued directives for the Plaintiffs to comply with a decision made by Roark; and that "Hall and Gregory (and later Roark as well) controlled nearly every aspect of Plaintiffs' day-to-day work." *Id.* ¶¶ 23-26. Roark argues that each of these allegations are either too conclusory or too tenuous to permit the reasonable inference that Roark had the right to control a variety of aspects relating to Plaintiffs' employment.

As the Court indicated in its Order on Defendants' Motion for Judgment on the Pleadings, the details surrounding Roark's alleged acquisition of Ace Holding Company are unclear, and in the Court's opinion, discovery is necessary to clarify Roark's relationship to Ace Holding Company and, by extension, Hall and Gregory. Order on Defs.' Mots. for J. on

the Pleadings (Dkt. No. 79) at 10-12.  The Court agrees that Plaintiffs' allegations in support of Count I are somewhat tenuous, but at this point in the litigation, Hall and Gregory's say-so that they were acting on behalf of Roark is sufficient for the Court to reasonably infer that Roark is liable as Plaintiffs' employer under the Indiana Wage Payment Statute.  Proposed Am. Compl. ¶ 25; see *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) ("[T]he height of the pleading requirement is relative to the circumstances."); *Brown v. JP Morgan Chase Bank*, No. 08-1890, 2009 WL 1761101, at * 1 (7th Cir. June 23, 2009) ("Determining the plausibility of a claim is a context-specific task that requires [the Court] to draw on [its] judicial experience and common sense."); *Swanson v. Citibank*, N.A., No. 10-1122, 2010 WL 2977297, at *2 (7th. Cir. July 30, 2010) (Instructing that one of the "key questions" is:  "how much detail realistically can be given . . . about the nature and basis or grounds of the claim"?).  Accordingly, the Court **GRANTS** Plaintiffs' Motion with respect to Count I of their Proposed Amended Complaint, Plaintiffs' claim under the Indiana Wage Payment Statute.  For the same reasons, the Court **GRANTS** Plaintiffs' Motion with respect to Count III of their Proposed Amended Complaint, Plaintiffs' FLSA claim.  *See Luder v. Endicott*, 253 F.3d 1020, 1022 (7th Cir. 2001) (concluding that plaintiffs stated a claim under the FLSA where plaintiffs alleged that defendants had supervisory authority over them and used that authority to force plaintiffs to work before and after their official shifts without paying them).

     Next, in Count II of their Proposed Amended Complaint, Plaintiffs assert a claim for civil conversion by alleging Defendants "deducted significant amounts of money from Plaintiffs by siphoning off revenues, benefits, and assets that should have been allocated to Plaintiffs[.]" Proposed Am. Compl. ¶ 17; *see also id.* ¶¶ 18-22 (specific examples of the conduct alleged in ¶ 17).  Under Indiana law, "money may be the subject of a civil conversion

claim only if it is a determinable sum with which the defendant was entrusted to apply to the certain purpose." *Tobin v. Ruman*, 819 N.E.2d 78, 89 (Ind. Ct. App. 2004). Plaintiffs' Proposed Amended Complaint does not refer to any determinable sums of money. *See Nat'l Ass'n of Sys. Adm'rs, Inc. v. Avionics Solutions, Inc.*, No. 1:06-cv-159-SEB-JMS, 2008 WL 140773, at *15 (S.D. Ind. Jan. 10, 2008) (Barker, J.) (concluding that no evidence of conversion existed where $47, 823.35 was at issue, but there was no indication (*e.g.*, escrow account or itemized checks) that the funds were supposed to be kept separate from other funds.); *Stevens v. Butler*, 639 N.E.2d 662, 666-67 (Ind. Ct. App. 1994) (holding that real estate broker's refusal to pay purchasers' deposit towards realty did not constitute conversion where the funds were not placed in an escrow account, were not forwarded to a third party for safekeeping, and where the purchasers did not otherwise maintain a possessory interest in the funds). Furthermore, Plaintiffs have not alleged that the "amounts" referred to were entrusted to Defendants, but rather that Defendants "siphoned" or "deducted" amounts from Plaintiffs' anticipated revenues. *See Huff v. Biomet, Inc.*, 654 N.E.2d 830, 836 (Ind. Ct. App. 1995), *abrogated on other grounds by St. Vincent Hosp. & Health Care Ctr., Inc. v. Steele*, 766 N.E.2d 699 (Ind. 2002) (holding that plaintiff failed to state a claim for conversion where plaintiff sought payment of money that was allegedly wrongfully withheld from commissions); *cf. Roake v. Christensen*, 528 N.E.2d 789, 791 (Ind. Ct. App. 1988) (concluding that employer's continued acceptance of health insurance premiums from its employee, while allowing the employee's policy to lapse, constituted conversion). For these reasons, Plaintiffs Proposed Amended Complaint, like the original Complaint, does not allege facts that would allow the Court to draw the reasonable inference that the Plaintiffs entrusted determinable sums of money for the Defendants to apply to a certain purpose. Accordingly,

the Court concludes that Plaintiffs' Proposed Amended Complaint fails to plead a plausible civil conversion claim under Indiana Law.  Because leave to so amend Count II would be futile, Plaintiffs' Motion is **DENIED** with respect to Count II of their Proposed Amended Complaint.

Finally, in Count V of their Proposed Amended Complaint, Plaintiffs allege "[t]he conduct of Defendants constitutes separate and independent torts of the type for which punitive damages should be assessed . . . ."  Proposed Am. Compl. ¶ 62.  The Court previously dismissed this Count as to all defendants except Roark, because Plaintiff abandoned the claim by failing to respond to the other Defendants' arguments in support of dismissal.  Order on Defs.' Mots. for J. on the Pleadings (Dkt. No. 79) at 13.  Plaintiffs have not pled any new allegations regarding their claim for punitive damages in the Proposed Amended Complaint.  Roark argues that it is now entitled to dismissal of this Count, because Plaintiff failed to plead facts sufficient to "prove the existence of an independent tort of the kind for which Indiana law recognizes that punitive damages may be awarded."  Resp. at 10; *USA Life One Ins. Co. of Ind. v. Nuckolls*, 682 N.E.2d 534, 541 (Ind. 1997).  The Court agrees.  Plaintiffs have not pled an independent tort claim for which punitive damages are available under Indiana law.  Accordingly, because leave to so amend Count V would be futile, Plaintiffs' Motion is **DENIED** with respect to Count V of their Proposed Amended Complaint.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to File Amended Complaint (Dkt. No. 84) is **GRANTED** with respect to Counts I and III and **DENIED** with respect to Counts II and V. Further, Count I of Plaintiffs' Complaint against Hall and Gregory is **DISMISSED,** because Plaintiffs' failed to respond to the Court's Order to show cause (Dkt. No. 79).

IT IS SO ORDERED this 20th day of September, 2010.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Distribution to:

Marcia A. Mahony
KIGHTLINGER & GRAY
mmahony@k-glaw.com

Harmony A. Mappes
BAKER & DANIELS - Indianapolis
harmony.mappes@bakerd.com

Chad Michael Pulley
RILEY BENNETT & EGLOFF LLP
cpulley@rbelaw.com

Donald S. Smith
RILEY BENNETT & EGLOFF LLP
dsmith@rbelaw.com

Peter G. Tamulonis
KIGHTLINGER & GRAY
ptamulonis@k-glaw.com

Joseph H. Yeager Jr
BAKER & DANIELS - Indianapolis
jhyeager@bakerd.com